**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                               **CASE NO.  1:00-CR-018-SPM**

**DOYLE PHOMAS,**

       **Defendant.**

_____/

**ORDER DENYING MOTION TO MODIFY OR REDUCE
TERM OF IMPRISONMENT**

**THIS CAUSE** comes before the Court upon the "Motion to Modify or Reduce Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2)" (doc. 39) filed June 27, 2005, in which Defendant makes various complaints about the method by which his guidelines range was calculated.  The complaints can be summarized into various categories, each of which is addressed in turn.

**Amendment 591:**  Defendant bases his arguments on Amendment 591 to the Sentencing Guidelines Manual.  Amendment 591 makes changes to §§ 1B1.1, 1B1.2, 2D1.2, and 2H1.1 of the manual, and Defendant argues that the changes to sections 1B1.1 and 1B1.2 should apply to him.  Although that amendment did not become effective until November 1, 2000, Defendant claims

that Amendment 607 made Amendment 591 retroactive.  However, Amendment

607 clearly states that it, too, became effective November 1, 2000.  Because

Defendant was sentenced on July 1, 2000, neither of these amendments is

applicable to him.  Even assuming their applicability, however, Defendant is

incorrect in his interpretation of the guidelines, as shown below.

**PSR Paragraphs 32 and 33:** Defendant contends that the two offenses

listed in paragraphs 32 and 33 of the presentencing report (PSR) should not be

counted because they were committed when Defendant was a juvenile (16 and

17 years old, respectively).  In support, Defendant cites the application notes to

§§4A1.1(b) and 4A1.1(c), which limit counting of prior juvenile convictions to

those for which the sentences "extend into the five years preceding the

defendant's commencement of the instant offense."

However, although Defendant may have been a minor at the time he

committed his offenses (armed burglary and robbery), he was adjudicated guilty

and sentenced as an adult to the Florida Department of Corrections.  *See* PSR at

¶¶ 32-33.  Application note 1 to §4A1.1(a) states that "[a] sentence imposed

prior to the defendant's eighteenth birthday is counted under this item only if it

resulted from an adult conviction."  Additionally, application note 7 to § 4A1.2

provides as follows:

> Section 4A1.2(d) covers offenses committed prior to age eighteen.
> Attempting to count every juvenile adjudication would have the
> potential for creating large disparities due to the differential
> availability of records.  Therefore, for offenses committed prior to

age eighteen, only those that resulted in <u>adult sentences of imprisonment exceeding one year and one month</u>, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted.

(Emphasis added.)  Because Defendant was sentenced to three years and six months in the Department of Corrections for each offense, he does not fall within the five-year exception.  Instead, his offenses are covered by §4A1.2(e)(1), which counts "[a]ny prior sentence of imprisonment exceeding one year and one months that was imposed within fifteen years of the defendant's commencement of the instant offense . . . .  Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."  Because the offenses in paragraphs 32 and 33 meet these requirements, they were properly counted.

**PSR Paragraphs 38, 39, 41:** Defendant next contends that these three convictions, listed in paragraphs 38, 39 and 41 of the PSR, are for misdemeanor offenses and thus should not be counted.  §4A1.2(e)(2) states: "<u>Any other prior sentence</u> that was imposed within ten years of the defendant's commencement of the instant offense is counted" (emphasis added).  Because these three misdemeanors were committed well within ten years of the instant offense, they, too, were properly counted.

**PSR Paragraphs 44 and 45:**  Defendant argues that the offenses listed in

Case 1:00-cr-00018-MW-GRJ   Document 40   Filed 07/12/05   Page 4 of 5

Page 4 of 5

paragraphs 44 and 45 of the PSR should not have been counted because he received probation, which does not qualify as a sentence of imprisonment.  In support, he points to application note 2 of §4A1.2, which declares, "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . ."  However, the note goes on to specify that "[a] sentence of probation is to be treated as a sentence under §4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed."  While §4A1.1(c) specifies that a point should be added for each sentence, the PSR reflects that Defendant was not awarded any points for these offenses because they were related to the grand theft charge for which he already received one point.  *See* §4A1.2(a)(2); PSR at ¶ 42.  Thus, the offenses in paragraphs 44 and 45 were properly not counted.

**Armed Career Criminal Status:**  Finally, Defendant contests the predicate convictions used to enhance his sentence as an armed career criminal. Defendant was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1).  (Doc. 19)  §4B1.4(a) defines an "armed career criminal" as one who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).  Application note 1 to §4B1.4 explains that a defendant is subject to an enhanced sentence "if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a "violent felony" or a "serious drug offense," or both, committed

on different occasions from one another.  18 U.S.C. § 924(e)(2)(B) defines

"violent felony" as follows:

> [T]he term "violent felony" means any crime punishable by
> imprisonment for a term exceeding one year, or any act of juvenile
> delinquency involving the use or carrying of a firearm, knife, or
> destructive device that would be punishable by imprisonment for
> such term if committed by an adult, that—
> (i)     has as an element the use, attempted use, or threatened
>         use of physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves use of explosives, or
>         otherwise involves conduct that presents a serious potential
>         risk of physical injury to another.

Here, Defendant was convicted of armed burglary of a structure in 1988 (PSR at

¶ 32); robbery in 1990 (PSR at ¶ 33); and burglary of a structure in 1999 (PSR at

¶ 44).  All three felonies are predicate convictions properly used to classify

Defendant as an armed career criminal.

The Court notes that Defendant's original sentence was 211 months,

which was later reduced to 190 months pursuant to a Rule 35 motion (doc. 38).

His sentence was correctly calculated in all aspects, and he has not shown

otherwise.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's motion (doc. 39) is hereby

*denied*.

**DONE AND ORDERED** this <u>twelfth</u> day of July, 2005.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

/pao

1:00-cr-018-SPM